## BELLER v. NAGLER et al.

### (Supreme Court, Appellate Term.   June 25, 1909.)

VENDOR AND PURCHASER (§ 70*)—CONSTRUCTION OF CONTRACT.

A contract for the sale of premises, dated May 22, 1908, provided that no deductions for liens or otherwise were to be made except for mechanics' liens up to date, and that the vendors should convey the premises free from all incumbrances "except as above stated."   A mechanic's lien was filed against the premises May 28, 1908, and the title was closed the next day.   *Held*, that the vendors were entitled to the amount of the lien which had been deducted from the purchase price.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 70.*]

MacLean, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Rosie Beller against Morris Nagler and Jennie Schnur. Judgment for plaintiff, and defendant Schnur appeals.   Reversed, and judgment ordered in favor of defendant Schnur.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Maurice Nagler, for appellant.
Herman Rosenbluth, for respondent.

PER CURIAM.   The facts herein are substantially undisputed, and the history of the case is as follows: On May 22, 1908, the husband of this plaintiff and her assignor made a contract with the defendant Schnur and one Grinspan, in which the defendant agreed to sell, and plaintiff's assignor agreed to purchase, certain premises.   The following clause was contained in the contract:

"It is expressly understood and agreed between the parties hereto that no deductions of any kind for liens or otherwise, are to be made except for mechanic's liens up to date; that no allowances for accrued interest on any of the mortgages are to be made and that the seller shall be entitled to receive the purchase price, namely the sum of thirteen hundred dollars."

On May 28, 1908, a mechanic's lien amounting to the sum of $98 was filed against the premises by one Sontag.   The title was closed on May 29, 1908, and the attorney for Mrs. Schnur, forgetting the provisions of the contract, as aforesaid, and not having the contract before him, knowing of the filing of the lien, suggested that the amount of the lien be deducted from the purchase price and deposited until the lien could be disposed of.   Thereupon the sum of $98 was left with the attorney, and he gave plaintiff a receipt therefor reading as follows:

"Received this 29th day of May, 1908, from Wolf Beller, the sum of $98, to be used in procuring a discharge or satisfaction of a mechanic's lien for that sum, filed against the premises Nos. 94–96 Cannon St., Borough of Manhattan, New York City on May 28, 1908, by Morris Sontag, said discharge or satisfaction of said mechanic's lien to be procured within twenty days from date.
                                              "Morris Nagler."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Upon discovering his mistake in respect to the provision of the contract, the attorney notified the vendee's attorney, and this action to recover the amount of such deposit was then brought against the attorney, and later on this defendant was interpleaded; she having paid her co-vendee his share of the amount in dispute, thus making her alone the real party in interest as defendant. The lienor was also made a defendant; but the action was subsequently dismissed as to him. Judgment for plaintiff was given; the trial justice saying in his opinion:

"That the seller was to give 'a full covenant warranty deed * * * and to convey to the purchaser * * * the absolute fee * * * free from all incumbrances, as above stated.' "

It will be seen that the trial justice in discussing the effect of the clause requiring the vendors to convey the premises free from all incumbrances entirely ignores the words "except as above stated," which exception relates expressly to "mechanic's liens up to date," so that as to any liens filed after the date of the contract the vendee was compelled to take title subject thereto.

The money left by the plaintiff in the hands of the attorney is clearly shown by the undisputed facts to belong to the defendant Schnur, and judgment should have been rendered in her favor.

Judgment reversed. Judgment ordered in favor of the defendant Jennie Schnur, with costs in both courts.

MacLEAN, J. I dissent, agreeing with the learned trial justice in interpretation of the agreement and transaction.